Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50194 | **DATE** | 11/23/2010 |
| **CASE TITLE** | Bradley v. Tool Masters | | |

**DOCKET ENTRY TEXT:**

Plaintiff's second amended complaint is dismissed as untimely and for failure to state a cause of action upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). All pending motions are denied as moot. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On September 17, 2010, this court dismissed plaintiff's initial complaint purporting to allege a claim against defendant, Tool Master, under the Americans with Disabilities Act (ADA), finding that plaintiff had not even plead threadbare recitals of the elements of an ADA claim. Specifically, paragraph 13 of the form complaint that plaintiff utilized called for the facts supporting plaintiff's claim of discrimination and plaintiff filled in "may be gotten from Illinois Department of Human Rights." The court dismissed plaintiff's complaint without prejudice to filing an appropriate claim within 30 days.

On October 12, 2010, plaintiff filed an amended complaint that was even more deficient than the first because paragraph 13 was left completely blank. Consequently, the court once again dismissed plaintiff's complaint without prejudice to filing an appropriate claim within 30 days that includes the facts upon which plaintiff relies to support his claim of discrimination. Plaintiff was warned that failure to do so would result in dismissal of this case with prejudice.

On November 22, 2010, ten days past the 30-day deadline, plaintiff filed a second amended complaint. This time plaintiff alleges a claim under the ADA and a claim for racial discrimination. However, in paragraph 13 plaintiff now states "copy on back of amended statement." The court is unable to discern what this means. Plaintiff has attached to his form complaint what appear to be two letters written in 2008 and addressed to "whom it may concern." The court is mindful of its obligation to construe pro se complaints liberally. See McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). However, even a liberal construction of the letters reveals no facts whatsoever to support a claim of racial discrimination.

As for the ADA claim, in one of the letters attached to the second amended complaint plaintiff recites circumstances occurring in November 2008 when he experienced back pain while operating a machine. Plaintiff states that he was ultimately let go because he could not run the machine and his employer had no other work for him. This is not sufficient to state a claim under the ADA as required by the federal notice pleading standards because plaintiff has failed to allege that he is a qualified person with a disability. See Toeller v. Wis. Dep't of

| STATEMENT |
|---|

Corr., 461 F.3d 871, 872 (7th Cir. 2006) ("Title I of the Americans with Disabilities Act prohibits discrimination in employment against qualified persons with a disability"); see also Squibb v. Memorial Med. Ctr., 497 F.3d 775, 786 (7th Cir. 2007) (if a plaintiff is "not disabled within the meaning of the Act, she is not protected by its substantive anti-discrimination provisions"). Under the ADA, disability is defined as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A); see also Turner v. The Saloon, Ltd., 595 F.3d 679, 689 (7th Cir. 2010). Plaintiff has also failed to allege that he could perform his job with a reasonable accommodation and that his employer failed to accommodate him. See Mobley v. Allstate Ins. Co., 531 F.3d 539, 545 (7th Cir. 2008).

After two failed attempts, and after being warned that he had 30 days to file a second amended complaint, plaintiff missed his deadline to file a compliant complaint by 10 days. Therefore, plaintiff's complaint is untimely and is dismissed on that basis. See Griffin v. Milwaukee County, 369 F. App'x. 741, 742 (7th Cir. 2010) (affirming dismissal of plaintiffs' pro se complaint with prejudice after plaintiffs missed the deadline to file amended complaint).

Even if the court were to excuse the late filing, the court would dismiss the second amended complaint for the additional reason that plaintiff has failed to allege facts that plausibly suggest the essential elements of a claim for racial discrimination or a claim under the ADA. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Therefore plaintiff's second amended complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and this case is closed. All pending motions are denied as moot.